**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **ERNESTO CASTANEDA CEJA,** ) | **CV F 08–0909 AWI** |
| ) | **(CR F 06–0387 AWI)** |
| **Petitioner**, ) | |
| ) | **ORDER DENYING** |
| **v.** ) | **PETITIONER'S MOTION TO** |
| ) | **CORRECT, VACATE OR SET** |
| **UNITED STATES OF AMERICA,** ) | **ASIDE SENTENCE** |
| ) | **PURSUANT TO 28 U.S.C.,** |
| **Respondent.** ) | **SECTION 2255** |
| _____ ) | |
| | **(28 U.S.C. § 2255)** |

Petitioner Ernesto Castaneda Ceja ("Petitioner") seeks relief under 28 U.S.C. section[1] 2255 from the sentence of 70 months that was imposed by this court on October 18, 2007, following a plea of guilty to a single count of possession of marijuana with intent to distribute in violation of 21 U.S.C. § 841(a)(1). Petitioner was convicted by plea of guilty on July 30, 2007, and sentenced on October 15, 2007. Judgment was entered on October 18, 2007. The instant motion to correct, vacate or set aside the sentence pursuant to 28 U.S.C. § 2255 (Petitioner's "2255 Motion") was timely filed on June 27, 2008.

For the reasons that follow, Petitioner's motion pursuant to section 2255 will be denied.

---

[1] References to section numbers hereinafter refer to sections of Title 28 of the United States Code unless otherwise specified.

## FACTUAL BACKGROUND

Petitioner entered a plea of guilty to the second count of a three-count indictment pursuant to a negotiated plea agreement. In the plea agreement Petitioner agreed to a comprehensive waiver of rights to appeal his conviction or to collaterally challenge his conviction or sentence, particularly by way of a motion pursuant to section § 2255. Pursuant to the plea agreement the government dropped the first and third counts for conspiracy to manufacture marijuana and possession of a firearm during a drug trafficking crime, respectively, and recommended that Petitioner be sentenced at the low end of the guideline range.

Petitioner's 2255 Motion alleges Petitioner received ineffective assistance of counsel on two grounds. First, Petitioner contends he received ineffective assistance of counsel, presumably because his counsel has failed to argue post-sentencing that Petitioner is entitled to a downward adjustment in his sentence because he has maintained clear conduct and "efforts at rehabilitating himself." Doc. # 31 at 3:16-17. Second, Petitioner contends he received ineffective assistance of counsel because his attorney failed to argue for further downward departure at sentencing on the basis of Petitioner's status as a deportable alien.

## LEGAL STANDARD

Section 2255 provides, in pertinent part: "A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States ... may move the court which imposed the sentence to vacate, set aside or correct the sentence." Under section 2255, "a district court must grant a hearing to determine the validity of a petition brought under that section, '[u]nless the motions and the files and records of the case conclusively show that the prisoner is entitled to no relief.' " United States v. Blaylock, 20 F.3d 1458, 1465 (9th Cir.1994) (quoting 28 U.S.C. § 2255). The court may deny a hearing if the movant's allegations, viewed against the record, fail to state a claim for relief or "are so palpably incredible or patently frivolous as to warrant summary dismissal." United States v. McMullen, 98 F.3d 1155, 1159

(9th Cir.1996) (internal quotations omitted), cert. denied, 520 U.S. 1269, 117 (1997). To earn the right to a hearing, therefore, the movant must make specific factual allegations which, if true, would entitle him to relief. Id. Mere conclusory statements in a section 2255 motion are insufficient to require a hearing. United States v. Hearst, 638 F.2d 1190, 1194 (9th Cir.1980), cert. denied, 451 U.S. 938 (1981).

**DISCUSSION**

**I. Waiver**

"The right to attack a judgment collaterally is statutory. [Citation.] A knowing and voluntary waiver of a statutory right is enforceable. [Citation.] For this reason a prisoner may not collaterally attack a judgment if the prisoner waived the right to do so." United States v. Racich, 35 F.Supp.2d 1206, 1210 (S.D. Cal. 1999). A waiver of rights of appeal or collateral attack "is enforceable if appellant knowingly and voluntarily waives her rights and the language of the waiver covers the grounds raised on appeal." United States v. Jeronimo, 398 F.3d 1149, 1153 (9th Cir. 2005). However, a waiver cannot bar a claim that relates to the validity of the waiver itself. United States v. Abarca, 985 F.2d 1012, 1014 (9th Cir. 1993). Claims of ineffective assistance of counsel often implicate the validity of plea agreements that are secured through the efforts of the allegedly ineffective counsel, those claims are not normally considered waived by plea agreements. See United States v. Pruitt, 32 F.3d 431, 433 (9th Cir. 1994) ("We doubt that a plea agreement could waive a claim of ineffective assistance of counsel based on counsel's erroneously unprofessional inducement of the defendant to plead guilty or accept a particular plea bargain"); United States v. Baramdyka, 95 F.3d 840, 844 (9th Cir. 1996) (citing Pruitt for the proposition a general waiver does not include claims of ineffective assistance brought under section 2255).

The Ninth Circuit's decision in Pruitt was the first to hold a waiver of right to appeal invalid where the plea, and therefore the waiver, was the result of counsel's erroneously unprofessional inducement. United States v. White, 307 F.3d 336, 341 (5th Cir. 2002)

("White").  However, so far as this court is aware, the ninth circuit has not answered the question left unresolved in Pruitt; that is, whether all claims of ineffective assistance of counsel, including those that do not directly challenge the voluntariness of the waiver of rights to bring a collateral attack, are exempt from waivers contained in plea agreements.

Petitioner's 2255Motion frames one end of the issue Pruitt left open.  Petitioner's two alleged grounds for habeas relief, although expressed as ineffective assistance of counsel, have nothing at all to do with whether Petitioner's agreement to enter into the plea agreement was knowing or voluntary.  Petitioner's first ground for relief is based on Petitioner's conduct long after both the plea and the sentencing, and has no discernable connection to Petitioner's attorney at all.  Petitioner's second ground for relief, on the other hand, does relate to Petitioner's attorney's conduct, but only relates to what the attorney did or did not argue at sentencing with regard to an issue that was not addressed in the plea agreement.  This court has noted a growing number of habeas petitions from defendants who have been convicted pursuant to negotiated plea agreements that waived rights to appeal or collaterally attack their sentences.  These habeas petitions are expressed as claims of ineffective assistance of counsel in an apparent attempt to circumvent waivers of rights to appeal or collaterally attack the sentence imposed.  The court shares the concern of other courts that broad application of a rule that exempts claims of ineffective assistance of counsel from plea agreement waivers undercuts the value of waivers generally since almost any habeas claim can be cast in terms of ineffective assistance of counsel. See White, 307 F.3d at 344 (if all ineffective assistance of counsel claims survive waiver, waivers of appeal rights would be rendered meaningless); United States v. Djelevic, 161 F.3d 104, 106 (2nd Cir. 1998).

While the Ninth Circuit does not appear to have spoken on the issue of the scope of claims that are not subject to waiver under plea agreements, other court's of this circuit have addressed the issue and have held, in accord with both White and Djelevic, that an appeal or collateral attack that does not directly challenge the voluntariness of the waiver itself is

enforceable, even if the grounds for the attack are couched in terms of ineffective assistance of counsel.  See, e.g., Pastoriza-Valerio, 2009 WL 69326 (S.D. Cal. 2009) at *5.  Based on the thorough discussion in White, the court concludes that where waivers of rights to appeal or collaterally attack a sentence or conviction are knowingly and voluntarily accepted as part of a negotiated plea agreement and where the petitioner's allegations challenge neither the voluntariness of the plea or its waivers, and where the grounds alleged are within the scope of the waivers, the waivers will be held enforceable against all challenges including those expressed as ineffective assistance of counsel.  See, generally, 307 F.3d at 341 - 344.

Petitioner's 2255 Motion makes no allegation at all that Petitioner's decision to enter a plea of guilty was in any way unknowing or involuntary.  Petitioner's first ground for relief – that he is entitled to be re-sentenced to a lower term because he has been making efforts toward rehabilitation – has no logical connection to his attorney's performance in general and no connection to his decision to enter a guilty plea in particular.  While Petitioner's second ground for relief – that he was subject to ineffective assistance of counsel because his attorney failed to argue for downward departure based on Petitioner's deportability – does relate to his attorney's performance, there is no basis upon which the court could infer that the alleged deficient performance was in any way connected to Petitioner's decision to plead guilty.  Plaintiff entered into the plea based on the benefits that were promised therein.  Because Petitioner was sentenced according to the terms of the plea agreement, he cannot now claim he was somehow enticed or mislead into signing the agreement by false promises.

In White, Justice Dennis's dissenting opinion expresses concern that a blanket rule that enforces waivers of rights to challenge constitutional violations before the violations occur goes too far toward leaving the defendant subject "'to being sentenced the whim of the district court.' [Citation.]" 307 F.3d at 344 (quoting United States v. Martin, 961 F.2d 493, 496 (4th Cir. 1992)).  In holding the waivers of rights to appeal and collaterally attack contained in Petitioner's plea agreement enforceable against Petitioner's 2255 Motion, the court does not intrude into the area

of Justice Dennis's concern. Here, there is no hint of any error in sentencing, constitutional or otherwise. Petitioner was fully informed of the consequences of his plea and received exactly the sentence he bargained for. The waivers contained in the plea agreement will be enforced against Petitioner's challenge to the sentence he received under the agreement.

**II. Certificate of Appealability**

Pursuant to section 2253, an appeal may not be taken from the final order in a proceeding under section 2255 unless the district court issues a certificate of appealability. F.R.C.P. §2253(c). The denial of a habeas petition on the ground the right to collaterally attack the issue presented was knowingly and voluntarily waived is a denial on procedural grounds. See United States v. Bibler, 495 F.3d 621, 624 (holding that waiver of appellate rights precludes *substantive* review). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Addressing the second prong in Slack first, this court will concede that, to the extent the Ninth Circuit has not fully clarified the dimensions of waiver exceptions in the context of collateral attacks based on ineffective assistance of counsel, it is perhaps arguable that this court's dismissal of Petitioner's 2255 Motion on grounds of waiver is incorrect. However, no jurist of reason could possibly find it debatable that Petitioner has validly stated the denial of a constitutional right. First, while Petitioner has cited authority for the proposition that, where resentencing is *necessary*, a court *may* take efforts toward rehabilitation into account, Petitioner has cited absolutely no authority for the proposition that Petitioner is constitutionally entitled to resentencing simply because of his efforts at rehabilitation. Second, it is the consistent finding of courts in this circuit that a defendant is not entitled to downward departure at sentencing based on

his status as a deportable alien.  <u>Lizarraga-Lopez v. United States</u>, 89 F.Supp.2d 1166, 1170 (S.D. Cal. 2000).  The court sees no reason here to depart from prior practice denying downward departure on the basis of deportability status.  Because the court concludes Petitioner has failed to state a ground for habeas relief that a reasonable jurist would find states a denial of any constitutional right, the court will deny the issuance of a certificate of appealability.

THEREFORE, it is hereby ordered that Petitioner's 2255 Motion is hereby DISMISSED.  The court DENIES issuance of any certificate of appealability in this action.  The Clerk of the Court shall CLOSE the CASE.

IT IS SO ORDERED.

Dated:    November 16, 2010

_____
CHIEF UNITED STATES DISTRICT JUDGE